

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| MICHAEL ALEXANDER COLLINS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION: 8:18-01811-MGL-JDA |
| | § | |
| AIKEN COUNTY DETENTION CENTER; | § | |
| SOUTHERN HEALTH PARTNERS; | § | |
| DENTIST FOR ACDC; BRANDY | § | |
| GALLOWAY; NURSE ANGEL; | § | |
| S. DONALDSON; B. DEHAYES; | § | |
| NURSE CINDY; and DR. WILLIAMS, all | § | |
| in their individual and official capacities, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING DEFENDANT AIKEN COUNTY DETENTION CENTER
FROM THIS ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

This case was filed as an action under 42 U.S.C. § 1983 (section 1983). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Aiken County Detention Center (ACDC) be dismissed from this action without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on August 15, 2018, ECF No. 25, and the Clerk of Court entered Plaintiff's objections to the Report on August 24, 2018, ECF No. 30. On August 29, 2018, the Clerk of Court entered Plaintiff's supplement to his objections. ECF No. 32. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects the Magistrate Judge erred in recommending ACDC is not subject to section 1983 liability. The Magistrate Judge suggested ACDC is due to be dismissed because it is a state agency which is immune from the instant lawsuit under the Eleventh Amendment to the United States Constitution, and ACDC is not liable under section 1983 because it is not a person under section 1983. Plaintiff argues ACDC is a municipal entity, and as such is liable under section 1983 pursuant to *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978), and

ACDC is a person able to be sued because it has been served with process in this case. Both Plaintiff's arguments fail.

*Monell* allows plaintiffs to sue municipalities and local governments under section 1983. *Id*. While Plaintiff advances ACDC is a municipal entity, he fails to provide any evidence to support this argument. Further, as noted in the Magistrate Judge's thorough analysis, ACDC is "administered by, and under the control of, the Aiken County Sheriff's Office." ECF No. 25 at 4. As a result, Plaintiff's suit is substantively a suit against Aiken County Sheriff's Office. In South Carolina, a Sheriff's Office is an arm of the State, and as such is protected by Eleventh Amendment immunity from lawsuits for monetary damages in federal court. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (affirming district court in holding Greenville County, South Carolina sheriff in his official capacity was an arm of the State, and thus immune from federal court lawsuit for monetary damages). That immunity applies to shield ACDC from Plaintiff's claims here.

Even if ACDC were not immune from Plaintiff's claims, Plaintiff would still be unable to bring his claims against ACDC. To state a claim under section 1983, a plaintiff must show: 1) his federal rights were violated, and 2) that violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). ACDC is not a person. It is, as noted by the Magistrate Judge, a facility or a collection of officers in a facility. Further, as analyzed above, ACDC is substantively an arm of the State. Because ACDC is not a person, it is not liable under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, the Court will overrule Plaintiff's first objection to the Report.

Plaintiff next objects the Magistrate Judge erred in suggesting Eleventh Amendment immunity applies to this lawsuit. The Magistrate Judge recommended ACDC was immune from the instant lawsuit under the Eleventh Amendment to the United States Constitution. Plaintiff claims as a citizen of South Carolina suing a state agency, Eleventh Amendment immunity does not apply. The Court disagrees.

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This Eleventh Amendment immunity has long been interpreted to extend to lawsuits brought by citizens against their home states. *Hans v. Louisiana*, 134 U.S. 1 (1890). Thus, Eleventh Amendment immunity applies here where Plaintiff, a citizen of South Carolina, sues ACDC, a South Carolina state agency. Thus, the Court will overrule Plaintiff's second objection to the Report.

Plaintiff next argues the Magistrate Judge erred in recommending ACDC is immune from this lawsuit under the Eleventh Amendment. Plaintiff avers the Eleventh Amendment is itself unconstitutional under the Ninth Amendment. Plaintiff further advances South Carolina waived its immunity when it sued Plaintiff for a probation fine. Both Plaintiff's arguments fail.

The Ninth Amendment to the United States Constitution reads: "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. As previously discussed, the Eleventh Amendment makes states immune from lawsuits in federal court. U.S. Const. amend. XI. Plaintiff claims the Ninth Amendment "means that the 11th Amendment was unconstitutional when it was passed because

the 9th plainly states that rights shall not be construed to deny or disparage other rights." ECF No. 30 at 7.  Plaintiff's argument is misplaced, however, because the people did not retain a right to sue states in federal court.

In addition, the Eleventh Amendment grants states immunity from lawsuits in federal court.  U.S. Const. amend. XI.  The statute under which Plaintiff claims South Carolina sued him for a probation fine, and thereby waived its Eleventh Amendment immunity, concerns proceedings in South Carolina state court.  *See* S.C. Code Ann. § 17-25-323.  South Carolina's allegedly suing Plaintiff in South Carolina state court does not waive South Carolina's Eleventh Amendment immunity from suit in federal court.  Further, South Carolina has explicitly not waived its Eleventh Amendment immunity.  S.C. Code Ann. § 15-78-20(e).  For those reasons, the Court will overrule Plaintiff's third objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendant Aiken County Detention Center is **DISMISSED** from this action **WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2018, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.