# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Alexander Collins,<br><br>        Plaintiff,<br><br>vs.<br><br>Southern Health Partners, Inc.; Dr. Garnett, Dentist for ACDC; Brandy Galloway; Nurse Angel; S. Donaldson; B. Dehayes; Nurse Cindy; Dr. Williams,<br><br>        Defendants. | C/A No.  8:18-cv-1811-MGL-JDA<br><br><br>**MOTION TO QUASH SERVICE/DISMISS FOR INEFFECTIVE SERVICE OF PROCESS AS TO DEFENDANT "NURSE CINDY"** |

Defendant "Nurse Cindy," in a limited capacity through the undersigned counsel, moves to quash service and/or dismiss for ineffective process and service of process, pursuant to Fed. R. Civ. P. 12(b)(4) and (5). The basis for this motion is that the Summons and Complaint in this matter were served on "Nurse Cindy" via certified mail to Southern Health Partners, Inc. at 2030 Hamilton Place Blvd in Chattanooga, Tennessee, on or about August 27, 2018. [ECF 36-1]. The Proof of Service indicates that "Kim Davis" signed for the mail, even though it was noted to be restricted delivery. [Id.]. Moreover, after a search of its records, SHP has found no record of an employee nurse named "Cindy" at the Aiken County Detention Center during the time period at issue.

Pursuant to Fed. R. Civ. P. 4(e), service of an individual within a judicial district of the United States is effected by serving the person individually; leaving a copy at the person's dwelling or usual place of abode with someone of suitable age or discretion who lives there; or by delivering a copy to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e); SCRCP 4(d)(1). As indicated by the Proof of Service, "Nurse Cindy" was not herself physically served, and there is no indication of her home address, having no last name identified.

Therefore, the only potentially valid means of service remaining was through an agent authorized by "Nurse Cindy" to accept service.[1] Fed. R. Civ. P. 4(e)(2)(C); SCRCP 4(d)(1).

Kim Davis has not been established as an agent authorized to accept service for "Nurse Cindy." Moreover, SHP has been unable to find a record of an employee for SHP by the name of "Cindy" who acted as a nurse at the Aiken County Detention Center during the time period at issue. As a result, no relationship of any kind has been established between Kim Davis and Nurse Cindy at the time of service. Nurse Cindy, then, has never been properly served in this matter, and the Proof of Service should be quashed. See generally, Redding v. Sun Printing Inc., 2013 WL 360322 (D.S.C. 2013)(personal delivery to an employee who was not a proper agent to receive process was insufficient); Boyd v. Rue, 2010 WL 3824106 (D. Mass. 2010) (service on employee at United States Attorney's Office not effective when defendant no longer was employed there and had not appointed anyone at office as her agent for service); Dorrough v. Harbor Sec., LLC., 2002 WL 1467745 (E.D.N.Y. 2002)(physically accepting process for another party does not mean the acceptor was appointed to do so).

Based on the foregoing, the Proof of Service filed herein (ECF 36-1) should be quashed, and the action dismissed as to the Defendant identified as "Nurse Cindy," pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

**[SIGNATURE ON FOLLOWING PAGE]**

---

[1] While Fed. R. Civ. P. 4(e) refers to service pursuant to the State law where the district court is located or where service is to be made, "Nurse Cindy" was not served pursuant to the requirements of service by Certified Mail as set forth in SCRCP 4 (d)(8).

Respectfully submitted,

s/ Amy Harmon Geddes
James G. Long, III  Fed ID No. 5877
JLong@NexsenPruet.com
Amy Harmon Geddes  Fed ID No. 8065
AGeddes@NexsenPruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202-2426
Tel:  803-771-8900
Fax: 803.727-1443

September 14, 2018