

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| MICHAEL ALEXANDER COLLINS,<br> Plaintiff,<br><br>vs.<br><br>SOUTHERN HEALTH PARTNERS; DR. GARNETT; BRANDY GALLOWAY; NURSE ANGEL; S. DONALDSON; B. DEHAYES; NURSE CINDY; and DOCTOR WILLIAMS, all in their individual and official capacities,<br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 8:18-01811-MGL-JDA |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING NURSE CINDY'S MOTION TO QUASH SERVICE, DENYING NURSE CINDY'S MOTION TO DISMISS AND DIRECTING THE UNITED STATES MARSHAL TO SERVE NURSE CINDY

This case was filed as an action under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Nurse Cindy's (Nurse Cindy) motion to quash service be granted and Nurse Cindy's motion to dismiss be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 7, 2018, ECF No. 77, but the parties failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In the Report, the Magistrate Judge directed attorney Amy Harmon Geddes, who represents the other defendants in this case, to file a notice within fourteen days of the entry of the Report indicating whether she is authorized to accept service on behalf of Nurse Cindy. ECF No. 77. On December 17, 2018, attorney Geddes filed a response indicating she is authorized to accept service on behalf of Nurse Cindy. ECF No. 89.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Nurse Cindy's motion to quash service is **GRANTED** and Nurse Cindy's motion to dismiss is **DENIED**. The Court **DIRECTS** the Clerk of Court, to **SERVE by notice**

**of electronic filing** the summons and complaint in this case upon attorney Geddes, who is authorized to accept such service on behalf of Nurse Cindy.

**IT IS SO ORDERED**.

Signed this 8th day of January, 2019, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.