

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER COLLINS, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> SOUTHERN HEALTH PARTNERS; DR. § <br> GARNETT; BRANDY GALLOWAY; § <br> NURSE ANGEL; S. DONALDSON; § <br> B. DEHAYES; NURSE CINDY; and § <br> DOCTOR WILLIAMS, all in their individual § <br> and official capacities, § <br> Defendants. § | CIVIL ACTION NO.: 8:18-01811-MGL |

## AMENDED ORDER DENYING PLAINTIFF'S MOTION TO AMEND, GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THIS ACTION WITH PREJUDICE

### I. INTRODUCTION

This closed case was filed as an action under 42 U.S.C. § 1983 (section 1983). Plaintiff Michael Alexander Collins (Collins) is proceeding pro se. Pending before the Court are Collins's motion to amend and motion for extension of time. The matter is also before the Court for review of the third Report and Recommendation (third Report or Report) of the United States Magistrate Judge suggesting Defendants Southern Health Partners, Dr. Garnett, Brandy Galloway, Nurse Angel, S. Donaldson, B. Dehayes, Nurse Cindy, and Doctor Williams's (collectively Defendants)

motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. For the reasons that follow, the Court will deny Collins's motion to amend, grant Collins's motion for extension of time, adopt the Report, grant Defendants' motion for summary judgment, and dismiss this action with prejudice.

## II.     PROCEDURAL HISTORY

On August 15, 2018, the Magistrate Judge issued the first Report suggesting then-Defendant Aiken County Detention Center (ACDC) should be dismissed from the action without prejudice and without issuance and service of process. ECF No. 25. On August 30, 2018, this Court issued an Order overruling Collins's objections to the first Report, adopting the Report, and dismissing ACDC from the action without prejudice and without issuance and service of process. ECF No. 33.

The Magistrate Judge subsequently issued a second Report, which was adopted by the Court. ECF Nos. 77, 94. The second Report is not at issue in the current motions.

On February 26, 2019, the Magistrate Judge issued a third Report, which recommended the Court grant Defendants' motion for summary judgment. ECF No. 100. Collins failed to timely file objections to the third Report. On April 2, 2019, this Court issued an Order adopting the third Report, granting Defendants' motion for summary judgment, and dismissing this action without prejudice. ECF No. 104.

On April 8, 2019, Collins filed a motion to amend, ECF No. 109, and a motion for extension of time seeking to extend the time to file objections to the third Report, ECF No.107. Collins also filed his objections to the third Report. ECF No. 108. The same day, Collins filed notice he was

appealing the Court's April 2, 2019 Order adopting the third Report to the Fourth Circuit. ECF No. 111. On April 23, 2019, Defendants filed a response to Collins's motion to amend, ECF No. 117, a response to Collins's motion for extension of time, ECF No. 119, and a reply to Collins's objections to the third Report, ECF No. 118.

**III.    DISCUSSION AND ANALYSIS**

As a preliminary matter, the Court notes as a general rule, it loses jurisdiction over an action once said matter is appealed to the Fourth Circuit. *In re. Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). "The rule is not absolute, however. One exception to the rule is that a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." *Id*. Rendering a decision on the merits of Collins's objections and instant motions will aid the appeal. Accordingly, the Court has jurisdiction over these matters.

In his motion to amend, Collins seeks to amend his complaint to substitute Aiken County Sherriff's Office (ACSO) as a Defendant for ACDC. The standard for leave to amend is a liberal one. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave need not be granted, however, when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The amendment Collins seeks would be futile. As analyzed in the first Report and the Court's Order adopting the first Report, ACDC is administered by ACSO, which is an arm of the State of South Carolina. ECF No. 25 at 4-5, ECF No. 33 at 3. As an arm of the State of South Carolina, ACSO is immune from Collins's claims under the Eleventh Amendment to the United States Constitution; that immunity likewise shields ACDC. ECF No.

25 at 4-6, ECF No. 33 at 3-5. Because ACSO, like ACDC, would be immune from Collins's claims, the Court will deny Collins's motion to amend.

In his motion for extension of time, Collins seeks to extend the time for him to file objections to the third Report. In support of his motion for extension of time, Collins avers he notified the Clerk of Court of a change of address in February, 2019, and received the third Report by mail after his objections to the third Report were due. Collins has shown good cause and excusable neglect for his failure to timely file objections to the third Report. *See* Fed. R. Civ. P. 6(b)(1)(B) (allowing a Court to extend time after a deadline has expired on a showing of good cause and excusable neglect). Accordingly, the Court will grant Collins's motion for extension of time and review Collins's objections to the third Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the third Report on February 26, 2019, ECF No. 100, and the Clerk of Court entered Collins's objections to the third Report on April 8, 2019, ECF No. 108.

The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge recommended this Court grant Defendants' motion for summary judgment because Collins failed to raise a genuine issue of material fact regarding whether any Defendant was deliberately indifferent to his medical needs. In his objections, Collins first avers he was on antibiotics during early August, 2017, which he advances proves his tooth was infected. Collins attaches to his objections a medical record showing he was taking antibiotics during early August, 2017, which he claims shows deliberate indifference. The Court disagrees with Collins. Even if Collins was taking antibiotics during early August, 2017, the medication does not prove his tooth was infected. Assuming the medication indicates Collins had a tooth infection, being given medication does not show deliberate indifference. *See Russell v. Sheffer*, 528 F.2d 318, 318-19 (4th Cir. 1975) (indicating prisoner allegations of medical mistreatment or non-treatment must meet a high bar to state a claim under section 1983). Accordingly, the Court will overrule Collins's first objection.

Collins's second and third objections relate to discovery issues. He first advances there is a sick call missing from the record. Collins indicates the sick call record would show he was told he could not be given more amoxicillin because his body would build up a resistance to the medication. Collins next avers he requested discovery and filed a subpoena *duces tecum* in this case on July 19, 2018.

First, the Court can find no evidence Collins filed a subpoena *duces tecum* in this case. Further, to the extent Collins now seeks discovery, as the Magistrate Judge noted in the third

Report, "the time for discovery has long passed." ECF No. 14 at 14 n. 8. For those reasons, the Court will overrule Collins's second and third objections to the third Report.

After a thorough review of the third Report and the record in this case pursuant to the standard set forth above, the Court overrules Collins's objections, adopts the third Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED,** Collins's motion to amend is **DENIED**, Collins's motion for extension of time is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Court's April 2, 2019, Order and Judgment, ECF Nos. 104, 105, 112, are **VACATED.** The Clerk shall enter an Amended Judgment in this matter.

**IT IS SO ORDERED**.

Signed this 25th day of April, 2019, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis  
                                                MARY GEIGER LEWIS  
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.